IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MARGARET HAWLEY,
1409 Southfield Drive
Menasha, WI 54952,

                        Plaintiff,

v.                                                   Case No.: 23-CV-____

UNUM LIFE INSURANCE COMPANY OF AMERICA,
c/o Registered Agent, Corporation Service Company
33 E Main St, Ste 610
Madison, WI 53703,

                        Defendant.

## COMPLAINT

      Plaintiff, Margaret Hawley, by her attorneys, MGW Law, LLP, alleges as follows:

### PARTIES

      1.      Plaintiff Margaret Hawley ("Hawley") is an adult citizen domiciled and residing in the State of Wisconsin at 1409 Southfield Drive, Menasha, WI 54952, Calumet County.

      2.      Defendant UNUM Life Insurance Company of America ("UNUM") is a Maine stock corporation, with its principal place of business also in Maine, and licensed to do business in Wisconsin and its registered agent for service of process is Corporation Service Company, 33 E Main St, Ste 610, Madison, Wisconsin.

      3.      At all times relevant UNUM issued a long-term disability insurance policy through Hawley's employer, of which Hawley was a participant.

## JURISDICTION AND VENUE

4.  Jurisdiction and venue are proper in this Court as the claims herein arise under federal law, section 502(a) of ERISA, and the plaintiff's inability to work giving rise to her disability claim occurred in this district at her Menasha home where she works from home.

## GENERAL ALLEGATIONS

5.  On July 2, 2021, Hawley and her husband, among others, were at a social gathering for the Fourth of July when she sustained severe, life-altering injuries after two other guests unsuccessfully attempted to fire a cannon they had brought, lit it a second time, and it fired. When the cannon fired after the second attempt, some of it exploded and sent metal shrapnel flying, and some of the shrapnel went through the leg of Hawley and her leg was eventually amputated above the knee.

6.  Following the incident, Hawley obviously could not return to her work as a Project Manager given the amputation of her leg in the following days, ongoing medical treatment and physical therapy, two subsequent surgeries in 2022 to install a prosthetic device, and subsequent physical therapy for the prosthetic device.

7.  Hawley applied for, and received, long-term disability benefits from about October 2021 to February 3, 2023, at which time UNUM decided she was no longer disabled.

8.  Hawley was still disabled within the meaning of the policy as of February 3, 2023, because in between her many physical therapy appointments to help her learn to function with her prosthetic leg, she was able to work only part-time hours and she was not able to maintain full-time hours while also completing this physical therapy.

9.      At the time of UNUM's denial that she was still disabled, UNUM knew as recently as December 30, 2022, that the medical provider she was primarily seeing, Dr. Del Toro, had restricted her from working at a full-time level. Dr. Del Toro also restricted her to sitting-type work only, and against standing or walking activities, given her amputation and ongoing physical therapy for the new prosthetic leg.

10.     Hawley timely appealed UNUM's February 3, 2023, denial.

11.     In her appeal request, Hawley noted Dr. Del Toro's medical opinion and provided a detailed description of her physical therapy treatment and daily activities.

12.     Hawley also explained that in between her many physical therapy appointments to help her learn to function with her prosthetic leg, she was able to work only part-time hours and she was not able to maintain full-time hours while also completing this physical therapy.

13.     Hawley was also still under the work restrictions provided on December 30, 2022, by Dr. Del Toro, the fact of which UNUM acknowledged in the appeal.

14.     In the appeal, UNUM and its representatives made no attempt to communicate with Dr. Del Toro to get an updated understanding, if any, of his medical restrictions for Hawley, his medical opinions, and of Hawley's medical treatment and physical therapy requirements at that stage of her recovery.

15.     So despite Dr. Del Toro's work restrictions against full-time work which were never rescinded or revised, and Hawley's own testimony that she could not work full-time while also completing her physical therapy for her prosthetic leg, UNUM has stood by its prior determination based on the word of doctors who never treated her and who don't know her treatment plan.

16.     Hawley has complied with all material terms of the policy in all respects and she has exhausted all administrative remedies under the plan.

## FIRST CAUSE OF ACTION – WRONGFUL DENIAL OF BENEFITS

17.     The subject disability insurance policy is an employee benefit plan governed by ERISA, 29 U.S.C. § 1002(3).

18.     The policy provides long-term disability benefits when the claimant is unable to perform the duties of her occupation on a full-time basis.

19.     Due to ongoing medical treatment and physical therapy requirements for her new prosthetic leg, and travel time associated with same, Hawley was unable to perform the duties of her occupation on a full-time basis and she was disabled within the meaning of the policy.

20.     UNUM's denial of long-term disability benefits to Hawley after February 3, 2023, was arbitrary and capricious given the information that it was provided as stated herein, and given its failure to even attempt to contact Dr. Del Toro during the appeal process.

21.     Pursuant to section 502(a) of ERISA, a civil action may be brought to recover benefits due, enforce rights under the plan, or to clarify rights to future benefits under the terms of an ERISA plan, such as the one at issue in this matter.

22.     Hawley is entitled to long-term disability benefits beyond February 3, 2023, under the terms of the disability policy.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

A. For payment of all amounts due and owing under the policy;

B. For interest on any unpaid amounts pursuant to Wis. Stat. § 628.46;

C. For punitive damages;

D. For litigation and investigation costs, including reasonable attorneys' fees; and

E. For such further and other relief deemed just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 2nd day of November, 2023.

        MGW LAW, LLP

        */s/ Ryan R. Graff*

    By: _____
        Ryan R. Graff
        State Bar No. 1051307
        Attorneys for Plaintiff Margaret Hawley

<u>Mailing Address</u>
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
rgraff@mgwlawwi.com